UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CR49-DJS |
| | ) | |
| **DERON HOPKINS,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant is represented by appointed counsel. Following defendant's plea of guilty, sentencing is set for August 5, 2005. Acting on his own behalf, defendant has submitted to the Court a letter indicating that he is dissatisfied with his counsel and that defendant is "terminating" his representation. The letter contains no certificate of service, and therefore does not appear to have been served on either counsel.

Defendant should be aware that he has no entitlement to appointed counsel of his choosing, and that whether or not to grant one appointed attorney's withdrawal and the substitution of another appointed counsel is committed to the Court's discretion. The Court therefore construes defendant's letter as a pro se motion to terminate appointed counsel.[1]

---

[1] Defendant's filing does not expressly request the appointment of substitute counsel, but does not reference the entry of an appearance by retained counsel either.

> When faced with a motion to appoint substitute counsel, the district court must balance several factors, including "the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job."

United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002), *quoting* Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995). Furthermore, to warrant substitute counsel, defendant must show "justifiable dissatisfaction" with appointed counsel, such as a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between attorney and defendant. United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). The proper focus is on the quality of the advocacy, for the right to counsel does not include a right to a "meaningful relationship" with counsel. Wheat v. United States, 486 U.S. 153, 159 (1988); United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992).

Construed as a motion, the current filing fails to demonstrate with sufficient factual detail the justifiable dissatisfaction required to warrant the appointment of substitute counsel. The motion will therefore be denied without prejudice. Furthermore, the Court will require counsel and defendant to confer in a good faith effort to resolve any differences between them. Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se motion to terminate appointed counsel [Doc. #33] is denied without prejudice.

**IT IS FURTHER ORDERED** that defense counsel shall forthwith confer with defendant concerning the matters addressed in defendant's letter/motion, and both are directed to make a good faith effort to resolve any differences between them.  After this conference, defense counsel shall file a memorandum stating that the conference was held and when.

**IT IS FURTHER ORDERED** that defense counsel shall provide defendant with a copy of this order.

Dated this ___28th___ day of June, 2005.

                                                        /s/Donald J. Stohr
                                                        UNITED STATES DISTRICT JUDGE